### Cleveland Grain Company, Defendant in Error, v. F. A. Vant, Plaintiff in Error.

1. GRAIN INSPECTION—*when shipper is bound thereby.* Where a person ships grain to a dealer with full knowledge of the conditions, method and manner of inspection in vogue at that place, he is bound by the grade placed on such grain in the absence of fraud or unfairness.

2. BROKERS—*purchase of shipper's grain merely voidable.* Where a grain broker purchases the shipper's grain on his own account, such sale is not void but merely voidable.

3. BROKERS—*burden of proof.* The burden is upon the shipper to establish the contention that the broker did not follow instructions relative to the sale of grain and that loss was sustained thereby.

Error to the Circuit Court of Vermilion county; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed April 11, 1912.

C. M. BRIGGS and JAY BRIGGS, for plaintiff in error.

R. R. RODMAN, for defendant in error; THOMAS A. GRAHAM, of counsel.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

Plaintiff in error was a grain buyer, located at Talbot, Indiana, from which place, in August, 1908, he shipped to defendant at Cleveland, Ohio, where it was engaged in the grain and brokerage commission business, five car loads of oats. The five cars of oats were shipped by plaintiff in error with instruction to defendant in error to sell for account of plaintiff in error when oats of the quality shipped would net plaintiff in error fifty cents per bushel at Cleveland. The oats were received by defendant in error and stored by it. Plaintiff in error had for a number of years been shipping grain to defendant in error at Cleveland. There was no public official at Cleveland whose duty it was to inspect or have charge of the inspection of grain shipped to that market. The Chamber of Commerce of Cleveland, composed of sixteen hundred business men, including the grain and commission brokers of Cleveland, employed an inspector who performed for them the duties of the inspection of grain shipped to that market. Plaintiff in error having previously shipped his grain to defendant in error, was familiar with and had knowledge of the fact that there was no public official inspector at this point, and having shipped his grain to defendant in error with full knowledge of the conditions existing at that place, must be

held to have accepted and been bound by the conditions regarding the inspection of grain that existed there. It is contended by plaintiff in error that the five cars of oats shipped were of the grade known as No. 3 white oats, but on inspection at Cleveland four cars graded as No. 4 and one as No. 3.

The evidence discloses that between May 21 and May 25, 1909, white oats of the grade known as No. 3, could have been sold at Cleveland so as to net fifty cents, but there is no evidence in the record that oats of the kind shipped by plaintiff in error could, at any time after having been received by defendant in error, have been sold in the Cleveland market at a price that would have netted fifty cents per bushel. Numerous telegrams and communications passed between the parties relative to the condition of the market at Cleveland while the oats were being held in storage by defendant in error awaiting the market and instructions from plaintiff in error. On July 28, 1909, at 9:25 A. M., defendant in error received from plaintiff in error this telegram, from Hoopeston, Illinois: "Do not hold oats any longer on my account." On that day plaintiff in error was notified that the oats were sold at forty-six and a half cents. Plaintiff in error insists that this telegram was not sent until after defendants had sold the oats, but the record discloses that the oats were not sold by defendant in error until after the receipt of the telegram; that on receipt of this telegram defendant in error closed out the oats and closed its account with plaintiff in error by purchasing the oats at the market price in Cleveland, and reported to plaintiff in error that the oats had been sold at forty-six and a half cents per bushel. The amount received therefrom was not sufficient to balance the account between plaintiff in error and defendant in error, after deducting the amounts which defendant in error had permitted plaintiff in error to draw on the shipment.

Defendant in error brings this action to recover the

balance of that account, which includes storage charges, commission, interest, insurance and expense in handling these oats. It obtained a judgment against plaintiff in error from which plaintiff in error prosecutes this appeal.

As cause for reversal it is contended that the oats were sold contrary to plaintiff in error's orders and directions, that defendant in error had no right to make the sale, that the judgment is contrary to the law and the evidence, that improper evidence was admitted by the court, that proper evidence offered by plaintiff in error was rejected, and also that the court erred in the instructions given and refused.

Plaintiff in error having had full knowledge of the conditions, method and manner of inspection in vogue at Cleveland, and having shipped his oats there with such knowledge, is bound by the method and manner of the inspection at that place, where on inspection they did not grade No. 3 white oats, and there is no evidence that the inspection was fraudulent or unfair.

Upon the contention that defendant in error wrongfully sold these oats, the record discloses that they were not sold or disposed of by defendant in error until after the receipt of the telegram directing it to hold the oats no longer on plaintiff in error's account, and his only explanation for his message is that he did not then consider that he had any oats in Cleveland.

While the contention that defendant in error could not rightfully purchase the oats on its own account, as a general proposition of law, is correct, the record discloses that defendant in error offered on this day to sell these oats on the market but found no buyer, and having been directed by plaintiff in error to hold them no longer on his account, entered the sale of these oats on its books as purchased by it.

While a sale of this character is not void but only voidable, plaintiff in error does not undertake to avoid

the sale but makes his defense upon the ground that the defendant in error had no right to make the sale except upon following his previous instructions, and upon the further ground that if defendant in error had followed the instructions given it by plaintiff in error, plaintiff in error would not have sustained any loss. As has been previously stated, the telegram of July 28 revoked all former directions regarding the sale of these oats, and upon the contention that the oats might have been sold, if the instructions of plaintiff in error had been followed, so as to prevent any loss to him, the burden was upon him to establish this contention by the evidence, and there being no evidence in the record that defendant in error could have sold the oats at a price designated by plaintiff in error in his instructions, at any time prior to the sending of the message of July 28, and having failed to show by any evidence that the price paid by defendant in error for the oats on July 28, was not the fair, cash, market value of these oats on that day, plaintiff in error has failed to show that he was damaged in any way by reason of the disposing of these oats by defendant in error on the 28th of July, as the record shows they did, and the record being silent as to any evidence which would establish any damages or injury to the plaintiff in error by the action of the defendant in error, the jury were warranted in returning the verdict they did, and the court did not err in rendering judgment thereon.

We do not find any substantial error in the rulings of the court upon the admission or rejection of evidence, neither do we find any prejudicial error in the giving or refusing of instructions; and the cause having been fairly and justly presented to the jury and determined by it, the judgment is affirmed.

*Affirmed.*